## HUBLEY MANUFACTURING & SUPPLY COMPANY *vs.* CHARLES W. IVES.

### PROVIDENCE—FEBRUARY 15, 1899.

PRESENT : Matteson, C. J., Stiness and Rogers, JJ.

(1) *Sales.   Notice.   Implied Consent.*

A. purchased goods of plaintiff at price stated, and stipulated for their delivery in March ; certain of the goods were delivered in April and after A. had notified the plaintiff that the latter shipments would be received subject to such price therefor as might be allowed by his own customer, which price proved to be less than that for March deliveries.   In an action for the price of all the goods at the March rate :—

*Held*, that as plaintiff had not dissented from the terms stated by A. in his notice relating to April deliveries, and had continued to ship goods after receiving the notice, he was presumed to have assented to the modified terms.

*Held*, further, that the plaintiff had taken his chance of receiving for the April deliveries whatever price might be allowed therefor by the customer of A.

(2) *New Trial.   Reduction of Verdict.*

A decision having been rendered for the plaintiff for his claim in full :—

*Held*, that defendant was entitled to a new trial unless plaintiff would assent to a suitable abatement from that sum and take judgment accordingly.

ASSUMPSIT for goods sold, the price for which varied with the months in which they were delivered.   Heard on defendant's petition for a new trial.

MATTESON, C. J.   This is assumpsit for a balance of account for goods consisting of old rubbers sold by the plaintiff to the defendant.   The point at issue between the parties is

whether the plaintiff is entitled to recover at the rate of four and three-eighths cents per pound for the rubbers sold and delivered to the defendant, or whether, on account of the delivery of the rubbers in April instead of March, the defendant is entitled to a deduction of one and one-fourth cents per pound, that being the difference in price between March and April deliveries received by defendant from the Woonsocket Rubber Co.

It appears from the record that though the invoices for five bales of rubbers, aggregating 5,043 pounds, dated March 28th, and three bags of rubbers, aggregating 2,962 pounds, dated March 30, were sent to the defendant by the plaintiff, the goods called for by these invoices were shipped and delivered from time to time, but none were delivered prior to April 2nd.

The correspondence shows that the contract between the parties related only to March deliveries. That on March 27th the defendant wrote the plaintiff not to ship any rubbers after that date, as it would take the rest of that month for deliveries, and asked the plaintiff to strictly conform to the request to obviate any trouble that might otherwise arise. Again, on April 2nd, having received two bales of rubbers on that date, the defendant wrote the plaintiff reminding it of his request to make all shipments so that the deliveries would be in March, and stated that whether or not the shipment of goods for delivery in April would cause objection at the mill he could not say ; that if the mill accepted it he would make no objection and would give the plaintiff the benefit, but that if objection was made he would expect the plaintiff to stand the difference.

(1)    We do not find in this correspondence any waiver by dedendant of his right to insist on the delivery of the rubbers in March, but, on the contrary, we think it shows his determination to insist on delivery in accordance with the contract, unless his customer, the Woonsocket Rubber Co., saw fit to accept the rubber delivered subsequently at the same price as fixed for that delivered in March ; in which case the defendant was willing to give the plaintiff the benefit of such

acceptance, but that otherwise he would insist that the plaintiff should make good whatever rebate he was obliged to allow.

The record does not show that the plaintiff ever informed the defendant that it dissented from the defendant's position as stated in his letter of April 2nd, and hence, if it continued to ship goods subsequently to that date, we think it is to be held to have assented to it and to have taken its chance of receiving for deliveries subsequent to March whatever price should be allowed to the defendant by the Rubber Co.

(2)    Our opinion is, therefore, that the Common Pleas Division erred in its decision for the plaintiff.    We grant the defendant's petition for a new trial unless plaintiff will consent to a decision in its favor for $150.35 and costs, and take judgment accordingly.

The case is remitted to the Common Pleas Division for further proceedings.

*Edwin D. McGuinness and John Doran*, for plaintiff.
*C. Frank Parkhurst*, for defendant.